# HENRY HOLRITTER

## *vs.*

## EMMA G. WAGNER ET AL., ADMINISTRATORS.

*Right of Administration—Proof of Relationship.*

On an issue as to the right of administration, *held* that the evidence supported appellee's claim that she was the child of decedent, and so entitled to administer.

*Decided January 10th, 1922.*

Proceedings for administration upon the estate of Annie M. Beck. From an order granting letters to Emma G. Wagner and J. Cookman Boyd, Henry Holritter appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Clifton S. Brown,* with whom was *Milton Roberts* on the brief, for the appellant.

*Emil Budnitz* and *J. Cookman Boyd,* submitting on brief, for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

"Truth's fountain may be clear, her streams are
    muddy;
And cut through such canals of contradiction,
That we must often navigate o'er fiction."

So wrote Lord Byron, and his language applies with peculiar force to the testimony of the witnesses in this case, which comes from the Orphans' Court of Baltimore City. It was there decided by a divided court in favor of the appellee,

Emma G. Wagner. The contest arose over the right to administer upon the estate of Annie M. Beck. Letters were first granted by the orphans' court to Eva M. Magee, who claimed the right as an adopted child of Mrs. Beck. The orphans' court thereafter, upon application of other parties, issued its citation to a number of persons in order to determine the party properly entitled to receive the grant under the terms of article 93 of the Code of Public General Laws. Mrs. Magee by her answer still set up her claim as an adopted child, a position manifestly untenable, since the supposed period of adoption long ante-dated the Act of 1892, by which provision was first made for the legal adoption of children, and at the hearing and before the taking of any testimony, Mrs. Magee dismissed her petition for the granting of letters to her. This left, as persons claiming, the brothers and sisters of Mrs. Beck upon the one hand, and Mrs. Emma G. Wagner, who claimed the right as a daughter of Mrs. Beck, on the other.

There was no dispute as to the relation of Henry Holritter and his sisters to the deceased, but it was, in behalf of the members of the Holritter family, urged that Mrs. Beck never had a child of her own, and that consequently Mrs. Wagner could not be entitled to receive a grant of letters.

The witnesses called to support Mrs. Wagner's claim are in absolute contradiction of Henry Holritter, Mrs. Brant, George Holritter and Mary J. Holritter, and contradict themselves at various points. The larger part of them are women, who, like Mrs. Beck, had passed a considerable period as managers or inmates of houses of prostitution in some of the most widely known bawdy house localities, such as King Street, North Street and Raborg Street. They are a class whose moral perceptions were inevitably a good deal dulled by the character of life they had led and their associations. More than one had seen fit to contract a marriage though a prior husband was living, and no divorce was obtained until a considerable interval of time after the new contractual re-

lation had been created. Mrs. Beck herself was married three times, and her divorces from numbers one and two were not obtained until the new favorite had been accepted and installed.

The case is not one which involves of necessity the legitimacy or illegitimacy of Mrs. Wagner. She is not seeking to claim a grant of administration because of her descent from either of the Wardell brothers, two of whom in succession appear to have married Annie Beck; she claims only as the daughter of Annie M. Beck. One or the other of the Wardells, or some one else, may have been her father, but that is immaterial for the purposes of this case.

The question now at issue is not controlled by any presumption, as was the case of *Schaffer* v. *Richardson,* 125 Md. 88, in which a very thorough opinion by JUDGE BURKE shows the conditions and limitations where a presumption plays an important, often a controlling, part; or in such a case as *O'Leary* v. *Lawrence,* 138 Md. 147, where the subject was again carefully considered by this Court. The question at issue is not one of law, but purely of fact, and must be determined by the preponderance of evidence, if that evidence can be given any credit at all.

The testimony of the brothers and sisters of Mrs. Beck may not unnaturally have been colored by their individual interest, although they swear most positively that Mrs. Beck never had a child of her own. In this they are corroborated by Mrs. Magee, to whose testimony but slight weight can be given in view of her original claim, which was only dismissed on the very eve of the hearing.

The testimony of the witnesses upon the part of Mrs. Wagner is to be viewed in the light of their moral astigmatism as shown by their mode of life. Some of them have much overdrawn the picture and given a lurid glare which, however it might appeal to a jury, can but arouse the suspicion of a court. It is difficult to say whether there is a disinterested witness in the whole case, but there are one or two who

apparently seem so, and they testify unequivocally to the residence together of Mrs. Beck and Mrs. Wagner, for a long series of years, and the admission upon Mrs. Beck's part of Mrs. Wagner as a daughter. As already intimated, it were worse than futile to attempt to reconcile the divergent statements of the several witnesses, but, upon a careful review of all of the testimony, the weight of evidence seems to support the view that Mrs. Wagner was in fact a daughter of Mrs. Annie M. Beck and as such entitled to receive the grant of letters upon her estate.

There was also some confusion apparently as to whether it was Mrs. Wagner or Mrs. Magee who was adopted from Bay View, but, in view of the claim originally set up by Mrs. Magee, much of the testimony of the appellant in this case can be attributed to a confusion of understanding.

> *Order affirmed, the costs to be paid out of the estate.*